IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHRISTOPHER M. BUTLER,                                                PLAINTIFF
ADC # 178200

v.                              2:23CV00106-JM-JTK

DOES, et al.                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.    **Introduction**

Christopher M. Butler ("Plaintiff") is confined in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). He filed this pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 3, 4). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.)

Plaintiff filed his Amended Complaint on May 30, 2023, along with a Notice. (Doc. Nos. 6, 7). The Court construes the Amended Complaint and Notice together. Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016) ("pleadings must be construed so as to do justice") (citing Fed. R. Civ. P. 8(e)).

Upon screening Plaintiff's Amended Complaint (Doc. Nos. 6, 7) pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute, the Court finds for the reasons set out below that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Amended Complaint be dismissed without prejudice.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.     Discussion**

    **A.     Plaintiff's Amended Complaint and Notice**

In his Amended Complaint, Plaintiff sued EARU Wardens Moses Jackson and Christopher Johnson, Deputy Warden Michael Richardson, and Classification Officer Smith in their official capacities only. (Doc. No. 7 at 2). The allegations in Plaintiff's Complaint are brief. Plaintiff alleges that:

> [o]n December 25, 2022 [he] reported to Warden Richardson via a grievance that [Plaintiff's] life was threatened if [he] allowed a cellphone to get confiscated. [Plaintiff] wrote several other staff members as well. On 12-27-22 Capt. Munn and Corporal Dale pulled [Plaintiff] out of population barracks 5. [Plaintiff] filled out a witness statement and was placed in the Max 2/10. [Plaintiff] wrote classification [and] informed Mrs. Smith [that he] needed a keepaway. On 1-10-23 [Plaintiff] had a meeting with Internal Affairs Warden Moses Jackson, Michael Richardson about the threats where an investigation was done cellphone was recovered. Upon informing them no matter what barracks I went to my life was in danger due to a shot caller for gangster disciples owning the phone.

(Id. at 4).

Plaintiff asks to be transferred to a different unit. (Id. at 5). Plaintiff also asks for compensation "for being overlooked for [his] parole due to no class being given in the Max and not being in a safe environment." (Id.).

Plaintiff also filed a Notice in which he tells that Court that on May 22, 2023, Plaintiff informed Defendant Smith that Plaintiff was housed in the same barracks as another inmate who was involved in the cell phone investigation; Plaintiff also informed Defendant Smith of the names of all inmates involved who are housed in the Max. (Doc. No. 6 at 1). Attached to the Notice is

3

an Inmate Request Form in which Plaintiff asks to be transferred; the response indicates no other unit has accepted Plaintiff.  (Id. at 4).  In a second Inmate Request Form attached to the Notice, Plaintiff asks about his status for being placed in restrictive housing; the response indicates that Plaintiff already is in restrictive housing.  (Id. at 5).

### A. Official Capacity Claims

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).  Any official capacity damages claims against ADC officials, then, are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  As such, Plaintiff's damages claims against Defendants are barred.

The Eleventh Amendment does not, however, bar claims for prospective injunctive relief. McDaniel v. Precythe, 897 F.3d 946, 951-52 (8th Cir. 2018) (Ex Parte Young established state officials may be sued in official capacity for prospective injunctive relief) (citing Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)).  Under Ex Parte Young, an individual may sue a state official in his or her official capacity for prospective injunctive relief to remedy ongoing violations of federal law.  See Ex Parte Young, 209 U.S. 123, 149-50 (1908).  To establish liability against a defendant in his official capacity under 42 U.S.C. § 1983, a plaintiff must show that the defendant took action pursuant to an unconstitutional governmental policy or custom.  Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006).

Plaintiff seeks injunctive relief in the form of a transfer to a different ADC unit.  While the Eleventh Amendment does not bar prospective injunctive relief, Plaintiff never alleged that any Defendant acted pursuant to an official ADC policy or unofficial custom.

4

When the Court gave Plaintiff the chance to file an Amended Complaint, the Court explained the nature of an official capacity claim and directed Plaintiff to explain the reasons for any official capacity claim he intends to make.  (Doc. No. 5 at 2, 4).  Despite the guidance from the Court, Plaintiff did not do so.  Plaintiff sued Defendants in their official capacities only.  Because Plaintiff did not allege that an unconstitutional policy or custom was the driving force behind his claims, Plaintiff's official capacity claims fail.   Plaintiff's Amended Complaint should be dismissed without prejudice.

The Court reminds Plaintiff that he may file objections to this Recommendation.

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dated this 31st day of May, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE